David Tang (sbn 182357)
18430 Brookhurst Street, Ste 202-I
Fountain Valley, CA 92708
Tel: (949) 701-0506
e-mail: lawyertang@hotmail.com

Attorney for the Plaintiff,
Hanh Huynh

# THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>MINH TUONG NGUYEN,<br><br>                Debtor.<br>_____<br><br>HANH HUYNH,<br><br>                Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN,<br><br>                Defendant.<br>_____ | Case No.: 8:26-bk-10347-SC<br><br>[Chapter 7]<br><br>Adversary No.:<br><br>COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER<br>11 U.S.C. § 523(a)(2)(A),<br>§ 523(a)(4) and § 523 (a)(6) |

COMES NOW, Plaintiff, Hanh Huynh, as a creditor, by and through the undersigned counsel, complains against the Debtor, Minh Tuong Nguyen, and also objects to any discharge of debts owed by said Debtor to the Plaintiff, alleges as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. §§ 151, 157, and 1334, and the Local Rule 7003-1 of the

COMPLAINT

Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

2. This action constitutes a "core" proceeding under 28 U.S.C. § 157 (b)(2)(I).

3. This action constitutes an adversary proceeding under Rule 7001(f) of the Federal Rule so f Bankruptcy Procedure.

4. Venue rests properly in this District under 28 U.S.C. § 1409.

5. The Plaintiff consents to the entry of judgment by this Court.

### The Parties

6. Plaintiff resides in this District in the City of Fountain Valley, California.

7. Defendant is the Debtor in this underlying bankruptcy case.

### Allegations Common to All Counts

8. In June of 2021, Defendant purchased a real property located at 11051 Gold Star Lane in Santa Ana, California for $3,700,000. (Referred hereinafter as the "Gold Star Property".)

9. Shortly thereafter, Defendant approached the Plaintiff and offered 10% ownership interest in that Gold Star Property for a sum of $400,000.

10. After exercising her due diligence, Plaintiff agreed to wire $400,000 to the Defendant's personal account from August of 2021 to September of 2021.

11. Because Defendant was heavily involved in several real estate dealings, his legal advisor instructed him to establish a new California limited liability company called Gold Star Luxury LLC. and titled the Gold Star Property under this LLC.

12. In September of 2021, Defendant conveyed his interest in the Gold Star Property to Gold Star Luxury LLC. after it was established on August 24, 2021.

13. Shortly thereafter, Plaintiff was given 10% membership/stockholder interest in the company after she had completed the wiring of $400,000 to the Defendant.

14. In October of 2022, the Gold Star Property was sold for $5,300,000.

15. When Plaintiff repeatedly asked Defendant the whereabouts of the net proceeds from the sale, Defendant stated that he needed Plaintiff's share of net proceeds

as an extension of a short term loan and Defendant offered to secure the loan on another property located at 19222 Valley Drive, Villa Park, California owned by his company called Viet Ideas LLC. (Referred hereinafter as the "Villa Drive Property.")

16. Defendant represented and assured to Plaintiff that her loan would be fully secured and he would promptly pay back her short term loan as he was actively looking for a prospective buyer to buy the Villa Drive Property.

17. In the interim, Defendant promised to Plaintiff that her loan would be fully secured right behind the first loan in the amount of $3,337,000.

18. Defendant then executed a deed of trust in the amount of $500,000 naming Plaintiff as a beneficiary under said deed of trust.

19. Thereafter, unbeknownst to Plaintiff, Defendant was already delinquent in his loan obligations and the lender had already initiated a non-judicial foreclosure.

20. The Villa Drive Property was sold in foreclosure for $3,496,000 on December 18 of 2023.

21. To the Plaintiff's surprise, her secured interest was already impaired by a non-disclosed second lienholder in the amount of $800,000 which was recorded ahead of Plaintiff's security interest in the Villa Drive Property.

22. Plaintiff would not have agreed to extend the short term loan to the Defendant had she known that Defendant was already delinquent in his loan obligations.

23. Defendant also falsely represented to Plaintiff that her short term loan was fully secured as a second lienholder when, in fact, he was already seriously in default in his several loan obligations.

24. None of the promises and representations were true at the time they were made by the Defendant.

25. Plaintiff had reasonably relied on the Defendant's promises and representations to extend the short term loan.

26. When the Villa Drive Property was placed in foreclosure, Plaintiff then realized Defendant had deceived her without disclosing that he was already not

paying his loan obligations and was facing imminent foreclosure.

27.     Defendant's omission of those material facts were intentional and purposeful.

## Count I

### Non-Dischargeability under 11 U.S.C § 523 (a) (2) (A)

28.     Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 27 of this Complaint.

29.     In October of 2022, Defendant represented to Plaintiff that her investment of $400,000 plus her share of profit realized from the sale of Gold Star Property would be returned to her in no less than $500,000 after the closing of the escrow.

30.     Plaintiff justifiably relied on the Defendant's representation to be true as she was a co-owner with Defendant to the Gold Star Property and she dutifully waited for the return of her entitled funds kept by the Defendant.

31.     Plaintiff had no reason to doubt the Defendant's representations.

32.     Unbeknownst to Plaintiff, Defendant had no intention to return Plaintiff's investment funds or any part of her share of profit.

33.     Instead, Defendant was already in financial difficulties by not honoring his loan obligations.

34.     Defendant failed to disclose his delinquency in his various loans and faced with pre-foreclosure proceedings.

35.     Defendant's representations and omitted non-disclosure of material facts induced Plaintiff to extend a short term loan.

36.     Plaintiff believed Defendant's representations that she would be able to recoup her investment funds and the profits once Villa Drive Property was sold.

37.     Plaintiff would not have agreed to extend a short term loan had Defendant disclosed to Plaintiff that she would be a third lien holder on the Villa Drive Property when in fact there were two senior loans recorded ahead of Plaintiff's interest.

COMPLAINT
4

38.     Defendant's representations proximately caused Plaintiff damages by his representations coupled with non-disclosure of material facts as alleged in the preceding paragraphs.

39.     Defendant's debt owed to the Plaintiff should be held non-dischargeable under 11 U.S.C. § 523 (a) (2) (A).

## Count II

## Non-Discharageability Under 11 U.S.C. § 523 (a) (4)

40.     Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 39 of this Complaint.

41.     Defendant was a manager of Gold Star Luxury LLC at the time Gold Star Property was sold.

42.     Defendant by defalcation, embezzled the Plaintiff's share of investment funds and her share of profit from the net proceeds realized from the sale of Gold Star Property to his own use without any prior consent or approval from the Plaintiff.

43.     Defendant breached his fiduciary duties based on his partnership with the Plaintiff.

44.     By breaching his reposed fiduciary duties, Defendant embezzled, converted, and misappropriated Plaintiff's entitled share of funds realized from the sale of Gold Star Property.

45.     Defendant's debt owed to Plaitniff is non-dischargeable under 11 U.S.C. § 523 (a) (4).

## Count III

## Non-Dischargeable Under 11 U.S.C. § 523 (a) (6)

46.     Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 46 of this Complaint.

47.     Defendant not only misappropriated and embezzled Plaintiff's entitled share of funds from the sale of Gold Star Property, as her partner, Defendant also deceived Plaintiff by Defendant's fraudulent conduct and misrepresentations as described

above.

48.   Defendant maliciously injured the Plaintiff through fraud, false pretenses, larceny, and embezzlement all perpetrated by the Defendant.

49.   Defendant's debt owed to the Plaintiff should be held non-dischargeable under 11 U.S.C. § 523 (a) (6).

### Prayer for Relief

**WHEREFORE**, Plaintiff prays for judgment against Defendant, Minh Tuong Nguyen, as follows:

1.   For a judicial determination that Defendant's debt of not less than $500,000 owed to Plaintiff is non-dischargeable under 11 U.S.C. § 523 (a) (2) (A), § 523 (a) (4), and § 523 (a) (6);

2.   For costs of suit incurred herein;

3.   For such other and further relief the Court deems just and fair.

Dated: May 3, 2026

By: _____
David Tang
Attorney for the Plaintiff,
Hanh Huynh
18430 Brookhurst Street, Ste 202-I
Fountain Valley, CA 92708
Tel: (949) 701-0506
E-mail: lawyertang@hotmail.com

COMPLAINT

6

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Hanh Huynh | DEFENDANTS<br><br>Minh Tuong Nguyen |
|---|---|
| ATTORNEYS (Firm Name. Address. and Telephone No.)<br>David Tang<br>18430 Brookhurst Street, Ste 202-i<br>Fountain Valley, CA  92708 ; 949-701-0506 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor     □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☑ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Non-Dischargeability under 11 U.S.C. Sections 523 (a) (2) (A); 523 (a) (4); 523 (a) (6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1. first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity. Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $  500,000 |

Other Relief Sought
Costs of suit

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Minh Tuong Nguyen | BANKRUPTCY CASE NO. 8:26-bk-10347-SC | |
| DISTRICT IN WHICH CASE IS PENDING Central District of California | DIVISION OFFICE Santa Ana | NAME OF JUDGE Hon. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE 05/03/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) David Tang |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.