

FILED & ENTERED

JUL 22 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><div align="right">Debtor(s).</div><hr>Hanh Huynh,<br><br><div align="right">Plaintiff(s),</div>   v.<br><br>Minh Tuong Nguyen,<br><br><div align="right">Defendant(s).</div> | CHAPTER 7<br><br>Case No.:  8:26-bk-10347-SC<br>Adv. No.:  8:26-ap-01059-SC<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT [DK. 8] WITH LEAVE TO AMEND, AND (2) CONTINUING STATUS CONFERENCE**<br><br><u>Vacated Hearings:</u><br>Date:        July 28, 2026<br>Time:        1:30 PM<br>Courtroom: 5C<br><br><u>Continued Status Conference:</u><br>Date:        October 14, 2026<br>Time:        1:30 PM<br>Courtroom: 5C |

    The Court has considered Defendant Minh Tuong Nguyen's ("Defendant") *Motion to Dismiss Adversary Complaint [Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6), 9(b)]; Alternatively, For a More Definite Statement [Fed. R. Civ. P. 12(e)]* filed June 5, 2026 [Dk. 8] ("Motion"), Plaintiff Hanh Huynh's ("Plaintiff") *Opposition to Defendant's Motion to*

*Dismiss Adversary Complaint* filed July 13, 2026 [Dk. 10] ("Opposition"), and the Complaint filed May 4, 2026 [Dk. 1] ("Complaint"). Having considered the foregoing, the Court finds good cause to GRANT the Motion to the extent it seeks dismissal of Plaintiff's claims under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), with leave to amend.

Defendant's alternative request for a more definite statement under Federal Rule of Civil Procedure 12(e) is DENIED as moot. The July 28, 2026, hearing on the Motion is VACATED. The July 28, 2026, status conference is CONTINUED to October 14, 2026, at 1:30 p.m.

## I.    Background

Plaintiff initiated this adversary proceeding by filing the Complaint on May 4, 2026 [Dk. 1] and seeks a determination that a debt allegedly owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

The Complaint concerns two related transactions involving real property. Plaintiff alleges that, in 2021, Defendant offered Plaintiff a 10% ownership interest in real property located at 11051 Gold Star Lane in Santa Ana, California (the "Gold Star Property") in exchange for $400,000. [Dk. 1, ¶¶ 8-10]. Plaintiff wired $400,000 to Defendant and thereafter received a 10% membership interest in Gold Star Luxury LLC, which held the Gold Star Property. [Dk. 1, ¶¶ 10-13]. The Gold Star Property was subsequently sold in October 2022 for $5.3 million. [Dk. 1, ¶ 14].

Plaintiff alleges that, rather than distribute Plaintiff's investment and share of the sale proceeds, Defendant represented that he needed Plaintiff's share as a short-term loan and offered to secure the obligation against real property located at 19222 Valley Drive in Villa Park, California (the "Villa Drive Property"). [Dk. 1, ¶¶ 15-18]. Defendant allegedly represented that Plaintiff's interest would be fully secured immediately behind a first-position loan of approximately $3.337 million and executed a deed of trust in Plaintiff's favor in the amount of $500,000. [Dk. 1, ¶¶ 16-18].

According to the Complaint, Defendant failed to disclose that he was already delinquent on his loan obligations, that foreclosure proceedings had been initiated, and that an additional $800,000 lien had been recorded ahead of Plaintiff's interest. [Dk. 1, ¶¶ 19-23]. The Villa Drive Property was ultimately sold at foreclosure in December 2023. [Dk. 1, ¶ 20].

Defendant moves to dismiss the Complaint under Rule 12(b)(6), and additionally argues that Plaintiff's § 523(a)(2)(A) claim fails to satisfy Rule 9(b). In the alternative, Defendant requests a more definite statement under Rule 12(e). [Dk. 8]. Plaintiff opposes dismissal, contends that the Complaint sufficiently alleges each claim, and alternatively requests leave to amend. [Dk. 10].

## II.     Legal Standards

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure ("Rule") 12(b) and applies it to adversary proceedings. Under Rule 12(b), a party may assert any 12(b)(1)-(7) defense by motion. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint requires "only enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The standard for plausibility only requires the plaintiff to produce facts that show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts should "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Courts should "assume the[ ]veracity" of the "well pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Id*. Additionally, the court must draw all reasonable inferences in "the light most favorable to the plaintiff." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

Federal Rule of Bankruptcy Procedure 7009 makes Federal Rule of Civil Procedure 9(b) applicable in adversary proceedings. A claim sounding in fraud must

state with particularity the circumstances constituting the alleged fraud. The complaint must identify the "who, what, when, where, and how" of the alleged misconduct and explain what was false or misleading about the challenged representation and why it was false. *Aarons v. Patch of Land Lending, LLC (In re Aarons)*, 643 B.R. 595, 605 (Bankr. C.D. Cal. 2022) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).

Federal Rule of Civil Procedure 15(a)(2), made applicable by Federal Rule of Bankruptcy Procedure 7015, provides that the Court should freely grant leave to amend when justice so requires. The policy favoring amendment is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend generally should be denied only upon a showing of bad faith, undue delay, futility, or undue prejudice. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

**III.    Discussion**

**a.  Count One — 11 U.S.C. § 523(a)(2)(A)**

Section 523(a)(2)(A) excepts from discharge debts for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud. To state a claim based on a misrepresentation or fraudulent omission, a creditor must allege facts supporting: (1) a misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the statement or conduct; (3) intent to deceive; (4) justifiable reliance; and (5) damage to the creditor as a proximate result. *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009). As § 523(a)(2)(A) sounds in fraud, Rule 9(b) applies.

Here, the Complaint sufficiently identifies the debt at issue as the alleged short-term loan arising after the sale of the Gold Star Property, which Plaintiff alleges was secured by a deed of trust in the amount of $500,000. Plaintiff alleges that Defendant asked to retain funds otherwise owed to Plaintiff as a short-term loan and executed a

deed of trust in Plaintiff's favor in the amount of $500,000 and represented that the loan would be fully secured by the Villa Drive Property immediately behind a first-position loan of approximately $3.337 million. Defendant allegedly executed a deed of trust in Plaintiff's favor in the amount of $500,000. [Dk. 1, ¶¶ 15-18]. Plaintiff further alleges that Defendant failed to disclose that he was already delinquent on obligations secured by the Villa Drive Property, that foreclosure proceedings had been initiated, and that an additional $800,000 lien had priority over Plaintiff's deed of trust. [Dk. 1, ¶¶ 19-23].

The Complaint therefore identifies the alleged extension of credit and the representations and omissions that purportedly induced Plaintiff to make that extension. The deficiency lies instead in the allegations concerning Defendant's knowledge and intent at the time Plaintiff agreed to the loan. Although the Complaint alleges that Defendant knew his representations were false and acted with an intent to deceive Plaintiff, those allegations are largely conclusory. The Complaint does not sufficiently allege facts showing that, when Defendant represented that Plaintiff's $500,000 loan would be fully secured immediately behind the approximately $3.337 million first-position loan, Defendant knew that representation was false or intended to deceive Plaintiff regarding the priority and adequacy of her security.

Similarly, while the Complaint alleges that Defendant failed to disclose existing defaults, foreclosure proceedings, and the additional $800,000 lien, it does not sufficiently allege facts establishing when Defendant learned of those circumstances in relation to the alleged loan transaction or otherwise supporting a plausible inference that Defendant knowingly concealed them with the intent to induce Plaintiff to extend the $500,000 loan. Rule 9(b) permits knowledge and intent to be alleged generally, but the Complaint must still allege sufficient underlying facts to render the claim plausible under Rule 12(b)(6).

Accordingly, Count One does not presently plead a § 523(a)(2)(A) claim with sufficient clarity and particularity to satisfy Rules 8 and 9(b). The Motion is therefore GRANTED as to Count One, with leave to amend.

### b.  Count Two — 11 U.S.C. § 523(a)(4)

Section 523(a)(4) excepts from discharge debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Because these are distinct grounds for nondischargeability, the Court addresses each potential theory separately.

### i.  Fraud or Defalcation While Acting in a Fiduciary Capacity

To state a claim for fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4), Plaintiff must first allege that Defendant was acting in the narrow type of fiduciary capacity recognized under the statute. The fiduciary relationship must arise from an express or technical trust imposed before, and without reference to, the wrongdoing that caused the debt. *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003). Thus, the broad, general concept of a fiduciary relationship involving confidence, trust, or good faith is insufficient. *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1050 (9th Cir. 2015).

An express trust requires: "(1) a present intent to create a trust; (2) a trustee; (3) trust property; (4) a proper legal purpose; and (5) a beneficiary." *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 379 n.6 (B.A.P. 9th Cir. 2011). A technical trust, by contrast, arises from relationships such as those of "attorney, executor, or guardian," and does not encompass ordinary debts arising from relationships such as those of an agent, factor, or commission merchant. *Id.* at 379 n.7.

Here, the Complaint does not sufficiently allege the existence of an express trust. Although Plaintiff alleges that she invested $400,000, obtained a 10% membership interest in Gold Star Luxury LLC, and was entitled to receive at least $500,000 following the sale of the Gold Star Property, the Complaint does not allege a present intent by the parties to create a trust. Nor does it identify Defendant as a trustee, identify particular property that was placed in trust, or allege that the parties intended for Defendant to hold specified property in trust for Plaintiff as beneficiary. These allegations thus do not satisfy the elements necessary to establish an express trust under *Honkanen*.

The Complaint likewise does not allege a technical trust. It does not allege a relationship of the type identified in *Honkanen*, such as that of attorney, executor, or guardian, from which a technical trust arises independently of the alleged wrongdoing. Rather, the alleged relationship between Plaintiff and Defendant arises from their relationship through Gold Star Luxury LLC and the subsequent loan transaction. Without allegations establishing that this relationship itself created a technical trust of the kind recognized for purposes of § 523(a)(4), the Complaint does not sufficiently allege the requisite fiduciary capacity.

The allegation that Defendant served as manager of Gold Star Luxury LLC, standing alone, does not establish that Defendant acted in the narrow fiduciary capacity required by § 523(a)(4).

Accordingly, because Plaintiff has not sufficiently alleged an express or technical trust existing before and independently of the alleged wrongdoing, Plaintiff has not stated a claim for either fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4). The Court therefore need not reach whether the Complaint otherwise sufficiently alleges the elements or requisite state of mind for fraud or defalcation. The Motion is GRANTED with leave to amend as to these theories.

### ii.  Embezzlement

For purposes of § 523(a)(4), embezzlement requires: "(1) property rightfully in the possession of a nonowner; (2) [a] nonowner's appropriation of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud." *First Del. Life Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 576 (B.A.P. 9th Cir. 1997) (citing *Transamerica Commercial Finance Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991)). Circumstances indicating fraud or fraudulent intent are present where a party knowingly and wrongly takes something of value from another. *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1205 (9th Cir. 2010). This also requires a showing of wrongful intent. *El Dorado Liquidation Assocs., LLC v. Mack (In re Mack)*, No. AZ-22-1140-LSF, 2023 Bankr. LEXIS 602, at *8 (B.A.P. 9th Cir. Mar. 7,

2023) (citing *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 274 (2013)).

The Complaint does not sufficiently allege embezzlement. Although Plaintiff alleges that she was entitled to receive at least $500,000 following the sale of the Gold Star Property, the Complaint does not clearly allege that specific property belonging to Plaintiff was entrusted to Defendant for a particular purpose and thereafter appropriated to an unauthorized use. Rather, the Complaint alleges that Defendant requested to retain the $500,000 as a short-term loan and that Plaintiff agreed to that arrangement based on allegedly fraudulent representations concerning the security for repayment. Such circumstances, as presently pleaded, do not sufficiently state a claim of embezzlement.

Accordingly, the Motion is GRANTED as to an embezzlement theory under § 523(a)(4), with leave to amend.

### iii.  Larceny

Larceny under § 523(a)(4) requires a fraudulent and wrongful taking of another's property, with the intent to convert the property to the taker's use and without the owner's consent. Unlike embezzlement, larceny requires that the original taking itself be unlawful. *Lucero v. Montes (In re Montes)*, 177 B.R. 325, 331 (Bankr. C.D. Cal. 1994); *Allure Labs, Inc. v. Aviles (In re Aviles)*, 595 B.R. 383, 392 (Bankr. N.D. Cal. 2018).

The Complaint does not plausibly allege that Defendant unlawfully obtained possession of the relevant funds at the outset. The Complaint alleges that Plaintiff voluntarily wired the original $400,000 to Defendant and later agreed that Defendant could retain funds otherwise due to Plaintiff as a short-term loan. Complaint [Dk. 1, ¶¶ 10, 15, 22]. The Complaint therefore does not allege that Defendant's original acquisition of the relevant property was unlawful. Plaintiff further alleges that she subsequently agreed to permit Defendant to retain $500,000 as a loan.

Accordingly, the Motion is GRANTED as to a larceny theory under § 523(a)(4), with leave to amend.

### c. Count Three — 11 U.S.C. § 523(a)(6)

Section 523(a)(6) excepts from discharge debts arising from a "willful and malicious injury by the debtor to another entity or to the property of another entity." To state a claim under § 523(a)(6), a creditor must allege facts supporting willfulness, malice, and causation. *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1146–47 (9th Cir. 2002); *Albarran v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 705 (9th Cir. 2008). The willfulness component requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Barboza*, 545 F.3d at 706. Malice requires a wrongful act, done intentionally, which necessarily causes injury and is done without just cause or excuse. *Su*, 290 F.3d at 1146-47.

Count Three seeks relief under § 523(a)(6), incorporates the general allegations in the Complaint, and alleges that Defendant "maliciously injured the Plaintiff through fraud, false pretenses, larceny, and embezzlement." [Dk. 1, ¶¶ 46-49].

Although the Complaint alleges intentional misrepresentations and concealment, it does not allege sufficient nonconclusory facts supporting a plausible inference that Defendant acted with the requisite intent to cause injury to Plaintiff or with a belief that injury was substantially certain to occur. An intent to engage in the conduct giving rise to an injury is not, standing alone, sufficient to establish a willful injury under § 523(a)(6).

The Complaint likewise does not clearly identify the wrongful conduct giving rise to the alleged § 523(a)(6) debt or explain how that conduct necessarily caused the injury for which Plaintiff seeks nondischargeability. Instead, Count Three relies principally on the same alleged representations and omissions supporting Count One, followed by a conclusory assertion that Defendant's conduct was willful and malicious.

Accordingly, the Motion is GRANTED as to Count Three, with leave to amend.

### IV.    Leave to Amend

Rule 15(a)(2), made applicable by Federal Rule of Bankruptcy Procedure 7015, provides that leave to amend should be freely given when justice so requires. This is the first dismissal of the Complaint, and the Court makes no finding of bad faith, undue

delay, or undue prejudice. Based on the allegations presently before the Court, the Court also cannot conclude that amendment necessarily would be futile.

Accordingly, dismissal of Counts One, Two, and Three is with leave to amend. Plaintiff shall file any amended complaint within twenty-one (21) days of entry of this Order.

## V.    Conclusion

For the reasons set forth above, the Court finds good cause to order as follows:

1. Defendant's Motion to Dismiss Adversary Complaint [Dk. 8] is GRANTED to the extent it seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9(b). Counts One, Two, and Three are DISMISSED with leave to amend. Defendant's alternative request for a more definite statement under Federal Rule of Civil Procedure 12(e) is DENIED as moot.

2. Plaintiff shall file any amended complaint no later than twenty-one (21) days after entry of this Order. If Plaintiff fails to timely file an amended complaint, the continued status conference may be vacated and the Court may dismiss and close this adversary proceeding without further notice or hearing.

3. The July 28, 2026, hearing on the Motion is VACATED.

4. The July 28, 2026, status conference is CONTINUED to October 14, 2026, at 1:30 p.m., with a status report due fourteen (14) days in advance.

**IT IS SO ORDERED.**

Date: July 22, 2026

Scott C. Clarkson
United States Bankruptcy Judge