David Tang (sbn 182357)
18430 Brookhurst Street, Ste 202-I
Fountain Valley, CA 92708
Tel: (949) 701-0506
e-mail: lawyertang@hotmail.com

Attorney for the Plaintiff,
Hanh Huynh

THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>MINH TUONG NGUYEN,<br><br>Debtor. | Case No.: 8:26-bk-10347-SC<br><br>[Chapter 7] |
| HANH HUYNH,<br><br>Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN,<br><br>Defendant. | Adv. No.: 8:26-ap-01059-SC<br><br>FIRST AMENDED COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A) |

COMES NOW, Plaintiff, Hanh Huynh, as a creditor, by and through the undersigned counsel, complains against the Debtor, Minh Tuong Nguyen, and also objects to any discharge of debts owed by said Debtor to the Plaintiff, alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. §§ 151, 157, and 1334, and the Local Rule 7003-1 of the

Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

2. This action constitutes a "core" proceeding under 28 U.S.C. § 157 (b)(2)(I).

3. This action constitutes an adversary proceeding under Rule 7001(f) of the Federal Rule so f Bankruptcy Procedure.

4. Venue rests properly in this District under 28 U.S.C. § 1409.

5. The Plaintiff consents to the entry of judgment by this Court.

**The Parties**

6. Plaintiff resides in this District in the City of Fountain Valley, California.

7. Defendant is the Debtor in this underlying bankruptcy case.

8. In June of 2021, Defendant purchased a real property located at 11051 Gold Star Lane in Santa Ana, California for $3,700,000. (Referred hereinafter as the "Gold Star Property".)

9. Shortly thereafter, Defendant approached the Plaintiff and offered 10% ownership interest in that Gold Star Property for a sum of $400,000.

10. After exercising her due diligence, Plaintiff agreed to wire $400,000 to the Defendant's personal account from August of 2021 to September of 2021.

11. At the that time, Defendant was heavily invested in several real estate purchases using funds that came from other people and then placed the ownership of those purchases under different entities all controlled by the Defendant. Thus, his legal advisor instructed him and arranged to establish a new California limited liability company called Gold Star Luxury LLC. and have the Gold Star Property ownership be placed under this LLC.

12. In September of 2021, Defendant conveyed his interest in the Gold Star Property to Gold Star Luxury LLC. after it was duly established on August 24, 2021.

13. Shortly thereafter, Plaintiff was given 10% membership/stockholder interest in the company after she had completed the wiring of $400,000 to the Defendant.

14. In October of 2022, the Gold Star Property was sold for $5,300,000.

15. Shortly thereafter, Plaintiff had repeatedly asked Defendant the whereabouts of the net proceeds from the sale. Plaintiff also inquired Defendant, who executed each and every documents to consummate the sale as a managing member of Gold Star Luxury LLC, when her share of net proceeds would be distributed to her.

16. Defendant became exceedingly cagey by refusing to provide a direct answer. Multiple calls had been made but Defendant deliberately avoided answering those calls.

17. In late January of 2023, Plaintiff made a direct inquiry to the Adore Escrow handling the transaction demanding a copy of the closing statement and the whereabouts of net proceeding derived from the sale.

18. While waiting for a copy of the closing statement, Defendant contacted Plaintiff stating that, prior to closing, he had instructed the escrow to pay the net proceeds directly to his personal account instead of the Gold Star Luxury LLC's account.

19. Plaintiff was astounded over the Defendant's revelation of his wrongful use of her share of profits without obtaining Plaintiff's consent or approval for such unauthorized use.

20. Plaintiff told Defendant that she would have to hire a lawyer to sue for the return of her investment and her entitled share of profits.

21. In mid February of 2023, in a phone call attempting to allay Plaintiff's anger, Defendant proposed to pay back Plaintiff's initial investment of $400,000 plus her entitled share of profit of $100,000 no later than September 1, 2023. Defendant also offered to draw up a promissory note in the amount of $500,000 in favor of Plaintiff and Defendant represented in no uncertain term that it would be fully secured by a deed of trust collateralized by a real property located at 19222 East Valley Drive, in Villa Park, California (the Villa Park Property) owned by his company called Viet Ideas LLC.

22. Defendant also agreed and promised that he would pay $5,000 in interest or 12% annual rate starting from March 1, 2023 until September 1, 2023. In other words the total loan period would be no more than 6 months.

23. In that phone call, Defendant also represented and assured to Plaintiff that her loan would be fully secured after the first loan of $3,337,000, and the Villa Park Property could be easily sold for more than $6,000,000 or more. Besides, he was already looking for a prospective buyer to buy the Villa Park Property.

24. On February 21, 2023, as represented in that phone call, Defendant, acting as an authorized officer of Viet Ideas, LLC, executed and delivered a promissory note and a recorded deed of trust securing the loan amount of $500,000 naming Plaintiff as a beneficiary under said deed of trust. On that date, Defendant reassured Plaintiff again that the loan would only last not more than 6 months and Plaintiff would be repaid in whole.

25. The delivery of the promissory note and the recordation of deed of trust were a delay tactic designed by the Defendant to temporarily allay Plaintiff's anger and urge to sue.

26. Defendant knew that his representations and promises were fraudulent when they were made: he never had any intention nor the ability to pay the $5,000 monthly interest under the note. Moreover, Viet Ideas LLC was already seriously delinquent in its $3,337,000 loan obligation. The Villa Park Property also had a private junior loan in the amount of $800,000 which was recorded ahead of Plaintiff's security interest under the deed of trust contrary to Defendant's representation. Lastly, the Villa Park Property could easily be sold for $6,000,000 was greatly inflated by the Defendant's own account.

27. In fact, during February of 2023, the loan servicer of the first mortgage had already initiated a non-judicial foreclosure that was not disclosed to Plaintiff when the deed of trust was recorded.

28. Plaintiff had justifiably relied on the Defendant's representations in believing them to be true and genuine as Plaintiff did not suspect that Defendant was had engaged in deception with a sole purpose to keep Plaintiff at bay so that she would not hire a lawyer to sue for his wrongdoings.

29. Plaintiff would not have agreed to extend the short term loan to the Defendant had she known that Defendant was already delinquent in his loan obligations.

30. Nor Plaintiff would have agreed to extend the loan had Defendant disclosed to her that Viet Ideas LLC was already facing a foreclosure in its Villa Park Property.

31. None of the aforesaid promises and representations were true at the time they were made by the Defendant.

32. Defendant's deliberate omission of those material facts were also intentional and purposeful.

**Count I**

**Non-Dischargeability under 11 U.S.C § 523 (a) (2) (A)**

33. Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint.

34. Plaintiff had no reason to doubt the Defendant's representations to be fraudulent or deceptive when they were made.

32. Unbeknownst to Plaintiff when those aforesaid representations were made, Defendant never had any intention to return Plaintiff's investment funds or any part of her share of profit.

33. The representations made by Defendants were designed to quiet Plaintiff's anger and desire to sue for her share of profits.

34. Defendant failed to disclose his delinquency in the Villa Park Property that was already in pre-foreclosure proceedings.

35. Defendant's representations purposefully omitted material facts so that Plaintiff would be induced to extend a short term loan for his benefit.

36. Plaintiff honestly believed Defendant's representations that she would be able to recoup her investment funds and the profits once Villa Park Property was sold.

37. Plaintiff would not have agreed to extend a short term loan had Defendant disclosed to Plaintiff that she would be a third lien holder on the Villa Park Property

when in fact there were already two senior loans recorded ahead of Plaintiff's interest.

38. Defendant's representations and intentional omissions of material facts had proximately caused Plaintiff damages for the loss of not less than $500,000.

39. Defendant's debt owed to the Plaintiff should be held non-dischargeable under 11 U.S.C. § 523 (a) (2) (A).

**Prayer for Relief**

**WHEREFORE**, Plaintiff prays for judgment against Defendant, Minh Tuong Nguyen, as follows:

1. For a judicial determination that Defendant's debt of not less than $500,000 owed to Plaintiff is non-dischargeable under 11 U.S.C. § 523 (a) (2) (A);
2. For costs of suit incurred herein;
3. For such other and further relief the Court deems just and fair.

Dated: August 11, 2026

By: ______________________

David Tang
Attorney for the Plaintiff,
Hanh Huynh
18430 Brookhurst Street, Ste 202-I
Fountain Valley, CA 92708
Tel: (949) 701-0506
E-mail: lawyertang@hotmail.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
PO Box 500, Artesia, CA 90702

A true and correct copy of the foregoing document entitled (*specify*): ____________________________________

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 08/12/0202, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Scott C. Clarkson (by Drop-off)
Minh Tuong Nguyen, 840 Chateau Ct, Garden Grove, CA 92841

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/12/2026 | Jenny Diep | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |