Heidi H.L. Griffith, Esq. (SBN 333725)
DIRECTIONS LAW
9140 Trask Avenue, Suite 100
Garden Grove, CA 92844
Phone: (714) 515-1155
Email: heidi@directionslaw.com

Limited-Scope Attorney for
Defendant Minh Tuong Nguyen

FILED
AUG 31 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: KM Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In Re<br>MINH TUONG NGUYEN,<br>Debtor. | Case No.: 8:26-bk-10347-SC<br>Adv. No.: 8:26-ap-01059-SC |
| HANH HUYNH,<br>Plaintiff,<br>v.<br>MINH TUONG NGUYEN<br>Defendant. | **DEFENDANT MINH TUONG NGUYEN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 27, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5C, 411 West Fourth Street, Santa Ana, CA 92701<br>Judge: Hon. Scott C. Clarkson |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; PLAINTIFF HANH HUYNH AND HER ATTORNEY OF RECORD; THE CHAPTER 7 TRUSTEE; THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on October 27, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701,

before the Honorable Scott C. Clarkson, Defendant and Debtor Minh Tuong Nguyen ("Defendant"), by and through his limited-scope counsel, will and hereby does move the Court, pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rules of Civil Procedure 12(b)(6) and 9(b) (Fed. R. Bankr. P. 7012, 7009), for an order dismissing the First Amended Complaint to Determine Non-Dischargeability of Debt (the "FAC") filed by Plaintiff Hanh Huynh ("Plaintiff"), without leave to amend, on the ground that the FAC fails to state a claim upon which relief can be granted and fails to plead fraud with the particularity Rule 9(b) requires.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the FAC and all pleadings, records, and files in this adversary proceeding and the underlying bankruptcy case, and such further argument and evidence as may be presented at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to this Motion must be filed and served not later than fourteen (14) days before the hearing date, and the failure to file and serve a timely response may be deemed consent to the granting of the Motion.

Respectfully submitted,

Dated: August 31, 2026 DIRECTIONS LAW, INC.

By: ____________________________
Heidi Griffith, Esq.
Attorney for Defendant Minh Tuong Nguyen
(Limited Scope Representation)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this First Amended Complaint, Plaintiff Hanh Huynh has now had two opportunities to state a claim, and the pleading before the Court demonstrates that no further amendment will cure its defects. Her original complaint pleaded three theories — 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6) — arising from two unrelated transactions involving different properties and different limited liability companies. The Court dismissed it. Plaintiff has now abandoned the § 523(a)(4) and § 523(a)(6) claims; the First Amended Complaint (the "FAC") pleads a single count under § 523(a)(2)(A). But narrowing the theory did not cure the problem the first motion identified — it sharpened it.

Two defects are fatal, and neither can be fixed by amendment. First, the only debt the FAC identifies is a $500,000 promissory note, and the FAC alleges that Defendant signed that note solely "as an authorized officer of Viet Ideas, LLC." (FAC ¶ 24.) Section 523 discharge exception reaches only the debtor's own debt; a note that is the obligation of a non-debtor company is not Defendant's debt. Second, section 523(a)(2)(A) reaches only a debt "obtained by" the fraud, yet Plaintiff wired her $400,000 in 2021 and received exactly the 10% membership interest she was promised. (FAC ¶¶ 10, 13.) Money parted with in 2021 was not obtained by representations made in 2023, and the later representations obtained nothing but Plaintiff's agreement to wait — a forbearance that, on the FAC's own facts, cost her nothing. The FAC should be dismissed without leave to amend. Defendant's service of this Rule 12 motion suspends the time to answer until the Court rules. Fed. R. Civ. P. 12(a)(4) (Fed. R. Bankr. P. 7012(a)).

## II. THE ALLEGATIONS, AS PLEADED

In June 2021, Defendant purchased a Santa Ana property for $3,700,000 and offered Plaintiff a 10% interest for $400,000. (FAC ¶¶ 8–9.) Plaintiff wired $400,000 to Defendant between August and September 2021 (*Id.* ¶ 10); the property was titled into Gold Star Luxury LLC; and Plaintiff received a 10% membership interest (*Id.* ¶¶ 11–13). The property sold in October 2022 for $5,300,000. (*Id.* ¶ 14.) Plaintiff alleges that Defendant directed the escrow to

pay the net proceeds to his personal account and did not remit her share (*Id.* ¶¶ 15–19); that, in February 2023, Defendant proposed to repay her $400,000 investment and a $100,000 profit share and to secure that $500,000 obligation with a note and deed of trust on the Villa Park property owned by Viet Ideas LLC (*Id.* ¶¶ 20–23); and that on February 21, 2023, "acting as an authorized officer of Viet Ideas, LLC," Defendant executed the note and a recorded deed of trust naming Plaintiff as beneficiary (*Id.* ¶ 24). Plaintiff alleges the note was not paid and that the Villa Park property was already encumbered by senior liens and in foreclosure. (*Id.* ¶¶ 25–31.) The FAC pleads a single count under section 523(a)(2)(A). (*Id.* ¶¶ 33–39.)

## III. LEGAL STANDARD

Rule 12(b)(6), made applicable by Rule 7012(b), requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Labels and conclusions" and conclusory allegations are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Exceptions to discharge are construed strictly against the creditor and in favor of the debtor. *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991). Section 523(a)(2)(A) claim sounds in fraud and must be pleaded with the particularity Rule 9(b) (Rule 7009) requires — "the who, what, when, where, and how" of the alleged fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The claim's elements are (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to deceive; (4) justifiable reliance; and (5) proximately caused damage. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). And the statute reaches only money or property "obtained by" the fraud. 11 U.S.C. § 523(a)(2)(A); *Field v. Mans*, 516 U.S. 59, 66 (1995).

## IV. ARGUMENT

### A. The FAC identifies no debt owed by the Debtor; the only obligation it names belongs to Viet Ideas, LLC.

A nondischargeability action is debtor-specific: section 523(a) provides that a discharge "does not discharge an individual debtor from any debt" of the kinds it lists, so a claim requires, at the threshold, a debt owed by the debtor. The FAC does not plead one. The only obligation it

identifies is "a promissory note in the amount of $500,000" (FAC ¶ 21) that, by the FAC's own allegation, Defendant "executed and delivered" only while "acting as an authorized officer of Viet Ideas, LLC." (FAC ¶ 24.) An officer who signs a note for a limited liability company binds the company, not himself; the note is Viet Ideas, LLC's debt. The FAC pleads no guaranty, no alter-ego facts, and no other basis for Defendant's personal liability. A debt owed by Viet Ideas, LLC cannot be excepted from Defendant's discharge, because it is not his debt.

**B. Section 523(a)(2)(A) reaches only a debt "obtained by" fraud, and Plaintiff parted with her money in 2021, before any alleged misrepresentation.**

Section 523(a)(2)(A) excepts only money or property "obtained by" the fraud, which requires a causal link between the misrepresentation and the creditor's parting with her money. *Field v. Mans*, 516 U.S. at 66; *In re Slyman*, 234 F.3d at 1085. The FAC's own timeline breaks that link. Plaintiff wired her $400,000 between August and September 2021 (FAC ¶ 10) and received exactly what she was promised — a 10% membership interest in Gold Star Luxury LLC (*Id.* ¶ 13). The FAC does not allege that any false statement induced that 2021 investment. The representations it does challenge were all made later, in February 2023, around the note and deed of trust. (*Id.* ¶¶ 21–24.) Money transferred in 2021 cannot have been "obtained by" representations made in 2023. And recharacterizing the pre-existing obligation to return her investment as a "loan," then papering it with a note, does not make that debt one "obtained by" fraud: the note obtained no new money, property, or services from Plaintiff. At most it induced her to wait.

**C. The forbearance the FAC now alleges caused no loss.**

To the extent Plaintiff contends the note and deed of trust were "a delay tactic designed . . . to temporarily allay Plaintiff's anger and urge to sue" (FAC ¶ 25), the claim still fails, because even a forbearance obtained by misrepresentation is actionable only if the reliance caused damage. *In re Slyman*, 234 F.3d at 1085. The FAC's own allegations show it did not. By February 2023 the money was already gone — Defendant had already diverted the sale proceeds (FAC ¶¶ 17–19) — and the security offered was already worthless: Viet Ideas, LLC was "already seriously delinquent" on a $3,337,000 senior loan, an $800,000 junior loan was "recorded ahead of

Plaintiff's security interest," and a non-judicial foreclosure had "already" been initiated. (*Id.* ¶¶ 26–27.) Had Plaintiff sued the day the statements were made instead of accepting the note, she would stand exactly where she stands now: an unsecured creditor of an insolvent debtor whose company's property was already over-encumbered and in foreclosure. A forbearance that changes nothing causes no damage.

**D. The representations are opinion and prediction, and the omission theory pleads no duty; the claim fails Rule 9(b).**

The affirmative statements the FAC identifies are not actionable statements of existing fact. That the deed of trust "would be fully secured," that the Villa Park property "could be easily sold for more than $6,000,000," and that Defendant "was already looking for a prospective buyer" (FAC ¶¶ 22–23) are predictions and opinions about future value and events, which do not support a fraud claim. The remaining theory — that Defendant concealed the senior liens and pending foreclosure (*Id.* ¶¶ 26–27) — fails because the FAC pleads no duty to disclose: Plaintiff and Defendant were adverse parties negotiating a disputed debt, with Plaintiff already threatening to "hire a lawyer to sue" (*Id.* ¶ 20), and no duty to disclose arises from such an arm's-length negotiation. And the one concrete thing Defendant promised — a recorded deed of trust naming Plaintiff as beneficiary — Plaintiff admits she received. (*Id.* ¶ 24.) Her complaint that the lien proved junior goes to the value of the security she got, not to a lie that induced her to part with money. The claim fails Rule 9(b). *Kearns*, 567 F.3d at 1124.

**E. At most the FAC pleads later nonperformance, not fraud.**

Finally, the FAC pleads, at most, that Defendant later failed to pay the note. Nonperformance is not fraud. A promise is fraudulent under section 523(a)(2)(A) only if the promisor did not intend to perform when he made it, and the plaintiff must plead specific facts supporting that inference — not merely that performance did not follow. *Palmacci v. Umpierrez*, 121 F.3d 781, 786–87 (1st Cir. 1997); *In re Slyman*, 234 F.3d at 1085. The FAC's assertions that Defendant "knew" his promises "were fraudulent when they were made" and "never had any intention nor the ability to pay" (FAC ¶ 26) are the conclusory labels *Iqbal* disregards. Stripped

of the labels, the FAC describes a debtor who offered security he said would cover the debt and then defaulted when the property was lost to a senior lender's foreclosure. That is default, not deceit.

## V. LEAVE TO AMEND SHOULD BE DENIED

Leave to amend may be denied where amendment would be futile or where the plaintiff has already failed to cure the same defect by a prior amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). This is Plaintiff's second pleading, filed by counsel, after dismissal of her first and with the roadmap the first motion provided. She responded by dropping two theories and re-pleading the third, which still fails for the same two structural reasons: the money moved in 2021, before any alleged fraud, and the only identified debt belongs to a non-debtor LLC. Neither is a matter of artful pleading — the chronology is fixed by the dates Plaintiff alleges, and the obligor is fixed by the note she describes. No amendment can move her 2021 wire past Defendant's 2023 statements or make Defendant the maker of his company's note. Dismissal should be with prejudice.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the First Amended Complaint in its entirety, with prejudice and without leave to amend, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 31, 2026 DIRECTIONS LAW, INC.

By: ___________________________
Heidi Griffith, Esq.
Attorney for Defendant Minh Tuong Nguyen
(Limited Scope Representation)

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this adversary proceeding. My business address is 9140 Trask Avenue, Suite 100, Garden Grove, CA 92844.

On August 31, 2026, I served the foregoing document entitled DEFENDANT MINH TUONG NGUYEN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND [FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6), 9(b)]; MEMORANDUM OF POINTS AND AUTHORITIES on the following persons in the manner indicated below:

Courtesy copy at Department 5C drop box
Hon. Scott C. Clarkson
411 West Fourth Street
Santa Ana, CA 92701

BY U.S. MAIL and EMAIL on Attorney for Plaintiff Hanh Huynh
David Tang
18430 Brookhurst Street, Ste 202-I
Fountain Valley, CA 92708
Tel: (949) 701-0506
Email: lawyertang@hotmail.com

BY EMAIL on Attorney for Chapter 7 Trustee Jeffrey I. Golden:
Eric P. Israel, Esq.
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, California 90034
Emails: epi@lnbyg.com, jgolden@go2.law, lwerner@go2.law

BY EMAIL on Attorney for Debtor Minh Tuong Nguyen:
Krystina T. Tran, Esq.
17011 Beach Blvd, Suite 830
Huntington Beach, CA 92647
Email: ktran@ktranlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 31, 2026, at Garden Grove, California.

Hoa Ho